## PALMER *versus* GOODWIN.

A contract, made by a citizen of Massachusetts, with a citizen of this State, for the payment of money, is not barred by a discharge under the insolvent laws of that State.

ASSUMPSIT, by the indorsee against the maker of the following note.

" Boston, Sept. 7, 1847. Three months after date, I promise to pay E. Moore & Co. or order one hundred and fifty dollars, value received."

The note was indorsed by the payees and by a second indorser. These indorsers, together with the plaintiff, were always residents of Maine. The defendant was of Massachusetts. After pay-day of the note, he applied for and ob-

Sanford v. Augusta.

tained a discharge under the insolvent laws of that State. The case was submitted for nonsuit or default, according to legal rights.

*Danforth* and *Woods*, for the plaintiff.

*Whitmore*, for the defendant.

SHEPLEY, C. J. — A contract made by a citizen of Massachusetts with a citizen of this State to pay a sum of money is not discharged by proceedings under the insolvent Acts of that State. *Savage* v. *Marsh*, 10 Metc. 594; *Fiske* v. *Foster, idem.* 597. This action is upon a promissory note made by the defendant, a citizen of Massachusetts, and payable to citizens of this State.          *Defendant defaulted.*